<hr/>

## MEYER v. RIORDAN.

### (Supreme Court, Appellate Term.   June 28, 1900.)

1. APPEAL — ERRONEOUS INSTRUCTION — EXCEPTION—CORRECT INSTRUCTION — FAILURE TO ASK—REVIEW.

  Where the party appealing has excepted to the giving of an instruction, the exception constitutes a sufficient reservation of the ground of review, though he has failed to also ask for a correct instruction.

2. SAME—CONFLICTING EVIDENCE—INSTRUCTIONS—ERROR.

  Where, in answer to an inquiry made by the jury, the trial court misinforms it as to what the evidence is, and the evidence is very conflicting, so that it cannot be said that the erroneous instruction did not prejudice the losing party, the judgment rendered on the verdict will be reversed.

Appeal from city court of New York, general term.

Action by Morris Meyer against William J. Riordan. The defendant excepted to an erroneous instruction, but failed to request a correct instruction. From a judgment of the city court, general term (64 N. Y. Supp. 382), affirming the judgment of the trial term in favor of plaintiff, on the ground of an insufficient reservation in the trial term of the ground of review, defendant appeals. Reversed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

Uriah W. Tompkins, for appellant.
Manheim & Manheim, for respondent.

PER CURIAM. An exception taken to an instruction is made the basis of this appeal. The exception was duly taken, and suffices to raise the question presented. The vital issue was as to an employment. Upon it the evidence was conflicting, and very close. In answer to an inquiry made by the jury after it had retired, the court misinformed it as to the evidence, and, as it cannot be said that the misinformation did not prejudice the defendant, the judgment is reversed, and a new trial ordered, with costs to appellant to abide the event.